
FILED
17 JUN 14 PM 3:11
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JODI FLEMING, | CASE NO. 1:17 CV 898 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| AT&T CORP., et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On April 28, 2017 Plaintiff *pro se* Jodi Fleming filed this *in forma pauperis* action against Defendants Ohio Bell Telephone Company (mis-identified by Plaintiff as "AT&T Corp."), James Tench, Rick Plant, CEO Randall L. Stephenson, William A. Blase, Jr., Janice King, Sandra Moreno, Paula French, and Tammy Chrome. This is at least the third lawsuit filed by Fleming in this Court arising from her previous employment at Ohio Bell. See, N.D. Ohio Case Nos. 1:16 CV 185 and 1:16 CV 688. In the instant action, she again asserts claims under Title VII, the Age Discrimination in Employment Act, and the Rehabilitation Act, but also includes claims pursuant to the Health Insurance Portability and Accountability Act and the Consumer Safety Protection Act. On June 6, 2017, Defendant Ohio Bell filed a Motion to Dismiss and for Non-Monetary Sanctions (ECF #3).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis

in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

For the reasons set forth in Defendant Ohio Bell's Motion to Dismiss, even construing the Complaint liberally in a light most favorable to the Plaintiff, it does not contain allegations reasonably suggesting she might have a valid federal claim against any of the Defendants. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, the Court agrees that Plaintiff has demonstrated a pattern of vexatious litigation justifying an order preventing further harassment of Defendants and abuse of the judicial process.

Accordingly, this action is dismissed under section 1915(e). Further, Jodi Fleming is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

court in accordance with the following:

    1. She must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and she must attach a copy of this Order to it.

    2. As an exhibit to any motion seeking such leave, she must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

    3. By means of a second exhibit, she must identify and list: (a) the full caption of each and every suit which has been previously filed by her or on her behalf in any court against each and every defendant in any new suit she wishes to file, and (b) the full caption of each and every suit which she has currently pending.

    4. As a third exhibit to the motion, she must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

The Court will deny any motion for leave to file if the proposed document is duplicative, frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file, and may be considered an act of contempt for which she may be punished accordingly.

Further, to prevent further harassment by Plaintiff and the waste of this Court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Fleming prior to her obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this Order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, *in forma pauperis* applications, summonses, or U.S. Marshal Forms, in connection with any Motion

Pursuant to Court Order Seeking Leave to File which Fleming files, unless and until leave is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Dan Aaron Polster
_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE